**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANTONIOS T. XENOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-01159-NAB |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Commissioner Kilolo Kijakazi's ("the Commissioner's") Motion for Remand. (Doc. 14). Plaintiff has not filed an opposition to the Commissioner's motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). (Doc. 7).

The Commissioner moves this Court to remand this case for further administrative action. The Commissioner states the Appeals Council wishes to take further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), which provides: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security ..."

The Commissioner states remand under sentence six is appropriate because the Appeals Council cannot produce a Certified Administrative Record because a review of the hearing recording revealed that numerous portions of the hearing testimony were inaudible. The Commissioner submits that the defect in the hearing record constitutes good cause for remand.

The joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), stated in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The agreement of the joint conference committee was that such procedural defects be considered "good cause" for remand. The committee stated:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the Act.

*See,* H.R.Rep. No. 96–944, 96th Cong., 2d Sess. 59 (1980). The undersigned finds good cause exists for remand and this matter should be remanded so the administrative record can be prepared.

Upon review of the Commissioner's motion, the Court agrees that this case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g). Upon receipt of this order, the Appeals Council shall remand this case to an administrative law judge (ALJ) for a new hearing and decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Remand (Doc. 14) is **GRANTED**.

                                             NANNETTE A. BAKER
                                             UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of March, 2022.